[No. 14657.    Department Two. — July 9, 1892.]

THOMAS F. JOYCE, RESPONDENT, v. JOHN E. WHITE, APPELLANT.

ENTIRE CONTRACT— PREVENTION OF PERFORMANCE — QUANTUM MERUIT. — Where work has been done under an entire contract, which the defendant, without justifiable cause, prevented the plaintiff from completing, the defendant is liable to the plaintiff for the value of the labor done and materials furnished and used.

NEW TRIAL — STATEMENT — SPECIFICATIONS OF ERROR — INSTRUCTIONS. — A general specification in a statement on motion for a new trial, "that the court erred in giving to the jury instructions asked by plaintiff," is insufficient.

APPEAL from an order of the Superior Court of Los Angeles County, and from an order denying a new trial.

The facts are stated in the opinion.

*Jones & Carlton,* for Appellant.

The contract declared on is an entire contract. It is plainly one according to its terms, and the pleadings show conclusively that it was so regarded by plaintiff himself. (*Hutchinson* v. *Wetmore,* 2 Cal. 310; 56 Am. Dec. 337; *Archer* v. *McDonald,* 36 Hun, 194; 3 Am. & Eng. Ency. of Law, 916 et seq.) Plaintiff cannot recover

without first establishing an absolute breach on the part of defendant. (*Hutchinson* v. *Wetmore*, 2 Cal. 310; 56 Am. Dec. 337; *Jones* v. *Post*, 6 Cal. 102; *Purdy* v. *Bullard*, 41 Cal. 444; *Cox* v. *McLaughlin*, 63 Cal. 196; Bishop on Contracts, secs. 682 et seq.; *Clark* v. *Baker*, 5 Met. 452; 2 Parsons on Contracts, sec. 523; *Marshall* v. *Jones*, 11 Me. 54; 25 Am. Dec. 260; *Ala. Gold Life Ins Co.* v. *Garmany*, 74 Ga. 51.)

*Richard Dunnigan*, for Respondent.

Although the contract was an entire contract, yet the defendant without cause having prevented the completion of the work, he was liable in an action of *indebitatus assumpsit* for the value of the work done and materials furnished. (2 Parsons on Contracts, sec. 523; *Cox* v. *McLaughlin*, 76 Cal. 63; 9 Am. St. Rep. 164; *Smith* v. *First Cong. etc. House*, 8 Pick. 178; *Adams* v. *Cosby*, 48 Ind. 155; *Manville* v. *McCoy*, 3 Ind. 150; *Ketchum* v. *Zeilsdorff*, 26 Wis. 516; see *Hoagland* v. *Moore*, 2 Blackf. 167; *Rodemur* v. *Hazelfurst*, 9 Gill, 294; Civ. Code, sec. 1511, subd. 1.)

VANCLIEF, C. — The defendant, having a contract with the superintendent of streets in the city of Los Angeles, to construct a sewer with manholes and flush-tanks through certain streets in that city, entered into a written contract with the plaintiff, by the terms of which the plaintiff agreed to construct all the manholes and flush-tanks required in connection with the sewer, according to the specifications contained in defendant's contract with the superintendent of streets, at such time as the defendant might direct, so as not to delay the work of constructing the sewer; to furnish all the material therefor; to do the work subject to the inspection and directions of the superintendent of streets as to manner and materials; and to complete the work in such condition that it would be accepted by the superintendent of streets. The defendant agreed to pay per each manhole and flush-tank $38.50, when the same should

be accepted, and a sufficient amount collected from the property owners for that purpose.

The plaintiff alleges in his complaint that after constructing a certain number of manholes and flush-tanks, according to the contract, and while he was proceeding to perform the contract on his part, the defendant wrongfully, and without any justifiable cause, prevented him from completing the same; and that the work done and materials furnished by him under the contract were reasonably worth $633.87, for which he prays judgment.

The defendant admits the contract, and that plaintiff commenced the work, but denies that he prevented the plaintiff from proceeding with or from completing the work according to the contract; denies that the work done or materials furnished were of any value whatever; alleges, as a counterclaim, that plaintiff voluntarily abandoned the work, and failed and refused to perform his part of the contract, to the damage of the defendant in the sum of one thousand dollars, for which he prays judgment.

The case was tried by a jury, whose verdict was for plaintiff in the sum of $464.37, in accordance with which judgment was entered.

The defendant appeals from the judgment, and from an order denying his motion for a new trial.

Counsel for appellant contend that the evidence is insufficient to justify the verdict, in that it does not tend to prove that defendant prevented plaintiff from doing the work according to the contract.

Upon this point the evidence is conflicting; but I think the evidence on the part of the plaintiff so clearly *tends* to prove the averments of the complaint in this respect, that it is unnecessary to make a detailed statement of it here.

Undoubtedly the contract is an entire contract; yet if, as alleged, the defendant, without justifiable cause, prevented the completion of the work, he was liable to plaintiff for the value of the labor done and materials furnished and used.

Four distinct instructions were given to the jury at request of plaintiff, and one at request of defendant. In respect to these, counsel for appellant merely say in their brief: "In view of the evidence, the instructions of the court were clearly error." No particular error in the instructions is specified in the statement on motion for new trial, wherein it is merely said: "The court erred in giving to the jury instructions asked by plaintiff." If there is error in the instructions, counsel for appellant have failed to specify it sufficiently, either in their brief or in their statement, to enable me to discover it. Read together, the instructions seem to have presented the case to the jury fairly.

I think the judgment and order should be affirmed.

TEMPLE, C., and BELCHER, C., concurred.

For the reasons given the foregoing opinion, the judgment and order are affirmed.

McFARLAND, J., DE HAVEN J., SHARPSTEIN, J.