[L. A. No. 47.   Department Two.—March 30, 1896.]

# SAMUEL BERNSTEIN, RESPONDENT, *v.* JOHN W. DOWNS, APPELLANT.

STREET ASSESSMENT—INVALIDITY—PROMISE TO PAY—CONSIDERATION—ADDITIONAL WORK.—Although a street assessment cannot be legally enforced for failure to get an order extending the time for the completion of the work, yet an action will lie upon a promise to waive defects and pay for the same, in consideration of the contractor doing additional work, and such promise is valid, and based upon a sufficient consideration of detriment to the contractor and benefit to the lotowner, to be enforceable like any other legal obligation.

ID.—PLEADING—ILLEGALITY OF CONTRACT—MATTER OF DEFENSE.—Where the complaint upon such street assessment shows that the additional work was ordered by the board of trustees of the city, it does not show that the contract to do such work was unlawful under section 602 of the Penal Code, and section 1667 of the Civil Code, as being for a "digging" in the street without proper license; and if there was any unlawfulness in the contract, it should be pleaded as matter of defense.

ID.—SEVERAL COUNTS OF COMPLAINT—GENERAL VERDICT.—Where there are several counts in the complaint, and a general verdict is rendered, the complaint is sufficient to support the verdict and judgment, where each count is sufficient as against a general demurrer, and each count appears to be for the same cause of action.

ID.—EVIDENCE—ASSIGNMENT OF ASSESSMENT—ACTION BY ASSIGNEE UPON PROMISE—ESTOPPEL OF ASSIGNEE.—Where the plaintiff sues as assignee of the contractor, upon the promise of the defendant to pay the assessment, an assignment of the assessment, diagram, warrant, etc., is competent evidence, as tending to show an assignment of the obligation sued upon; nor can the defendant object to the sufficiency of the assignment, where it appears to be sufficient to protect him as against the assignor; and where the record shows that it was intended to carry the promise to pay the assessment, with the assignment of it, and that the contractor, by his action and conduct and recognition of the sufficiency of the assignment, is estopped to question its sufficiency, the judgment should not be reversed for failure sufficiently to prove the assignment.

ID.—INSTRUCTIONS—GENERAL EXCEPTION INSUFFICIENT.—A general exception "to the instructions asked for and allowed by the court on the part of the plaintiff," is insufficient; but it is necessary that there should be, at least, a particular exception to each of the instructions, by number or other designation.

ID.—ISSUES—PROOF OF NONPAYMENT.—Where there is no affirmative plea of payment in the answer, and the denials that any sum remains unpaid are coupled with denials that any sum was ever due, and the defense was that nothing was ever due, and there is no pretense that the defendant ever paid anything, and there is nothing in the record to show that the case was tried upon a theory of the sufficiency of the issues upon the question of payment, a judgment for the plaintiff will not be reversed for want of proof of nonpayment of plaintiff's demand.

APPEAL from a judgment of the Superior Court of San Bernardino County and from an order denying a new trial. GEORGE E. OTIS, Judge.

The facts are stated in the opinion of the court.

*Charles R. Gray*, for Appellant.

As the complaint contains three counts, each for the same amount, for the same work, if either count fails to state facts sufficient to constitute a cause of action, the judgment must be reversed, as it cannot be told upon which count the verdict is rendered, it being a general verdict. (*Barron* v. *Frink*, 30 Cal. 486; *Du Brutz* v. *Jessup*, 70 Cal. 78.) As the money sued for was earned under the public contract made with the superintendent of streets, no personal liability for the work was imposed on the defendant by that contract. (*Taylor* v. *Palmer*, 31 Cal. 240; *Manning* v. *Den*, 90 Cal. 610.) The additional work alleged to have been done, not having any stated value in the complaint, was no consideration for defendant's promise to pay the amount assessed. (Boone on Pleading, sec. 19; *Moore* v. *Waddle*, 34 Cal. 145; *Nagle* v. *McMurray*, 84 Cal. 539; Civ. Code, sec. 1606.) The complaint does not show that the work upon which the assessment of four hundred and thirty-two dollars and twenty-five cents was made was done at the request of the defendant, but directly the contrary, and the additional work was no expense to Ramish, Marsh & Co. (*Parker* v. *Crane*, 6 Wend. 647; *Spear* v. *Downing*, 34 Barb. 522; *Amestoy* v. *Electric Rapid Transit Co.*, 95 Cal. 311; Civ. Code, sec. 1606.) Plaintiff cannot recover, as the agreement to do this work without a license is an unlawful contract, because performance would be a misdemeanor. (Civ. Code, secs. 1667, 1608; Pen. Code, sec. 602, subd. 5; *Gardner* v. *Tatum*, 81 Cal. 370; *Swanger* v. *Mayberry*, 59 Cal. 91; *Ladda* v. *Hawley*, 57 Cal. 51.) The court erred in giving instruction No. 1, as it assumed that the promise of defendant, without any consideration, was binding on

him, as asserting the validity of a promise not in writing to pay for work done under a contract with the city authorities. (Civ. Code, secs. 1606, 1624.) Instruction No. 5 was erroneous, because the defendant is selected as the only witness to be distrusted in his testimony. (*McMinn* v. *Whelan*, 27 Cal. 300, 319.) By the amendment to the first cause of action, it is made to arise, if at all, out of an implied contract; a cause of action is, therefore, not stated, and the judgment must be reversed. (*Nagle* v. *McMurray, supra.*) The court erred in admitting the assignment in evidence, as it simply assigned the assignor's right to the assessment, diagram, and warrant, which were void, and did not assign defendant's promise to pay the amount of the assessment. (*Manning* v. *Den, supra.*) The evidence is insufficient to justify the verdict as there is no proof of assignment of the demand arising under the special contract sued upon, to the plaintiff from Ramish, Marsh & Co. (Civ. Code, sec. 1639; Code Civ. Proc., sec. 1859; *San Diego Flume Co.* v. *Chase* (Cal.), 32 Pac. Rep. 245.) Also, as there is no evidence tending to prove that the money sued for is unpaid, and the burden is on the plaintiff to prove that fact. (*Farmers' etc. Bank* v. *Christensen*, 51 Cal. 572; *Botto* v. *Vandament*, 67 Cal. 333; *Turner* v. *Turner*, 79 Cal. 566; *Bank of Shasta* v. *Boyd*, 99 Cal. 606; *Mickle* v. *Heinlen*, 92 Cal. 596; *Horton* v. *Dominguez*, 68 Cal. 642.)

*Finlayson & Finlayson*, for Respondent.

If facts upon which the law fixes the result are necessarily involved in the verdict, and such facts are supported by allegations in any one of the counts of the complaint, the verdict must stand. (*Hunt* v. *San Francisco*, 11 Cal. 258.) The allegation of consideration was sufficient, as the moral obligation, together with the additional work, which was a benefit to defendant, and a prejudice suffered by Ramish, Marsh & Co., was a sufficient consideration for defendant's promise. (Civ. Code, secs. 1491, 1605, 1606; *Ross* v. *Stackhouse*, 114 Ind. 200; *Loomis* v. *Newhall*, 15 Pick. 159; Code Civ.

Proc., sec. 469; *Weber* v. *San Francisco*, 1 Cal. 455; *Esterbrook* v. *O'Brien*, 98 Cal. 671; *Wiggins* v. *Keizer*, 6 Ind. 252; *Roberts* v. *Griswold*, 35 Vt. 496; 84 Am. Dec. 641.) The contract on the part of Ramish, Marsh & Co. was not unlawful, as it was not contrary to Penal Code, section 602, and no previous license was necessary, even if it were contrary to that section; it was authorized by the board, and the absence of license was matter of defense. (Pen. Code, sec. 602, subd. 5; Stats. 1891, p. 201; Pol. Code, secs. 2618, 2672; *Gibbons* v. *Ogden*, 9 Wheat. 213; 5 Lawson's Rights, Remedies, and Practice, secs. 2668, 2670; *Gowen* v. *Philadelphia etc. Co.*, 5 Watts & S. 143; 40 Am. Dec. 489; 1 Ency. of Pleading and Practice, 844; *Gilbert* v. *Sage*, 5 Lans. 287; *Harris* v. *White*, 81 N. Y. 533; *Sharon* v. *Sharon*, 68 Cal. 29.) The written assignment was properly admitted in evidence, as it tended to prove the assignment of the obligation sued on, and, if it did not, the error was harmless, because that fact was proved by other uncontradicted testimony. (*Moreland* v. *Houghton*, 94 Mich. 548; *Pierce* v. *Boston etc. Bank*, 129 Mass. 425; 37 Am. Rep. 371; *Taft* v. *Bowken*, 132 Mass. 277; *Clark* v. *Rogers*, 2 Me. 144; *Shannon* v. *Mayor of Hoboken*, 37 N. J. Eq. 123; *Waldron* v. *Baker*, 4 E. D. Smith, 440; *Gulf etc. Ry. Co.* v. *Cusenberry*, 86 Tex. 525; 2 Wharton on Evidence, sec. 1249; Abbott's Trial Evidence, 7; *McMaster* v. *Insurance Co. of North America*, 55 N. Y. 222; 14 Am. Rep. 239; *Badger* v. *Jones*, 12 Pick. 371; *Smith* v. *Moynihan*, 44 Cal. 54, 64; 1 Am. & Eng. Ency. of Law, 834, 835; 3 Am. & Eng. Ency. of Law, 237, 238; *Garnsey* v. *Gardner*, 49 Me. 167; *Burrows* v. *Stryker*, 47 Iowa, 477; *People* v. *Manning*, 8 Cow. 297; 18 Am. Dec. 451.) The exception to the instructions did not specify each and every instruction, and no particular error in them is specified. (*Joyce* v. *White*, 95 Cal. 236, 239; Code Civ. Proc., sec. 659, subd. 3; Webster's Dictionary, under "Specify" and "Particular"; *Hutton* v. *Reed*, 25 Cal. 487.) Instruction No. 2 was proper, as it simply charged the jury to find for plaintiff, if they found that defend-

ant did promise to pay the sum assessed against his property, unless specially pleaded and proved, the alleged illegality of the contract could not avail defendant. (*Sharon* v. *Sharon, supra; Harris* v. *White, supra.*) Instruction No. 3 is proper, as it simply instructs the jury that an agreement may be evidenced by any acts or conduct manifesting an intention to agree, and that words, written or spoken, are not necessary. (Civ. Code, secs. 1581, 1621; Bishop on Contracts, sec. 257, et seq; 1 Wharton on Contracts, sec. 6; 2 Wharton on Contracts, sec. 707; 5 Lawson's Rights, Remedies, and Practice, sec. 2222; *Smith* v. *Hughes,* L. R. 6 Q. B. 607; 3 Am. & Eng. Ency. of Law, 842, 858; *Bean* v. *Clark,* 30 Fed. Rep. 225; *Bixby* v. *Moor,* 51 N. H. 402; *Ex parte Ford,* L. R. 16 Q. B. Div. 307; *Smith* v. *Moynihan, supra; Corry* v. *Gaynor,* 22 Ohio St. 584; *New Haven* v. *Fair Haven etc. R. R. Co.,* 38 Conn. 422; 9 Am. Rep. 399.) Instruction No. 5 is sustained by the decision of this court, and there is no proper exception to it, and no specification of any particular error in it. (*O'Rourke* v. *Vennekohl,* 104 Cal. 255.) The denials of nonpayment were negatives pregnant, and raised no issue, and the burden was on defendant to show payment. (Pomeroy's Remedies and Remedial Rights, secs. 618, 665, 700; *Simonton* v. *Winter,* 5 Pet. 146; *Pease* v. *Cole,* 53 Conn. 71; 55 Am. Rep. 53; *Caulfield* v. *Sanders,* 17 Cal. 569; *Hawley* v. *Bader,* 15 Cal. 46; *Lisman* v. *Early,* 15 Cal. 199; *Still* v. *Saunders,* 8 Cal. 287; 2 Greenleaf on Evidence, sec. 516; 5 Lawson's Rights, Remedies, and Practice, 4196; 18 Am. & Eng. Ency. of Law, 201; *Hankin* v. *Squires,* 5 Biss. 186; *Pearce* v. *Walker,* 103 Ala. 250; *Lovelock* v. *Gregg,* 14 Col. 53; *Denver etc. Ry. Co.* v. *Wilson* (Col. App.), 36 Pac. Rep. 67; Best on Evidence, Am. ed., 390; 1 Greenleaf on Evidence, sec. 79; *Wolffe* v. *Noll,* 62 Ala. 24; *Succession of Moreira* v. *Lenssi,* 16 La. Ann. 368; *Himmelman* v. *Danos,* 35 Cal. 447.)

McFARLAND, J.—This action was brought to recover four hundred and thirty-two dollars and twenty-five

cents for work and material furnished by plaintiff's assignors in making improvements on the street and sidewalk in front of defendant's lot. This sum of money was the amount originally fixed as a street assessment; but the assessment, on account of a certain irregularity became void, and the action is founded upon defendant's promise to pay the amount so assessed. Judgment went for plaintiff, and defendant appeals.

Appellant's main contention for a reversal is that the complaint does not state facts sufficient to constitute a cause. This contention cannot be maintained.

The complaint is a lengthy one and has three counts; but the main facts stated are, briefly, these: Appellant owned a lot fronting on Second street, between D and E streets, in the city of San Bernardino; and he and certain other owners of lots on said Second street, between D and E, petitioned the board of trustees of said city to cause certain street work to be done on that part of said street. In response to said petition the trustees duly adopted a resolution of intention to order certain described work to be done on said Second street, from the east line of D street to the east line of E street; and such proceedings were regularly had that a contract was awarded to respondent's assignors, Ramish and Marsh, who did the work, and the assessment for work against appellant's lot was, in the first instance, four hundred and thirty-five dollars and sixty-nine cents, but upon appeal by appellant and others to the board of trustees, on account of some incidental expenses charged to which they objected, the board reduced the total amount somewhat, so that the amount assessed against appellant's lot was four hundred and thirty-two dollars and twenty-five cents. Appellant and the other said lotowners took another appeal to the board, in which they objected that the work was not well enough done, and not in compliance with the specifications, and also made some technical objections—as, for instance, that the contractors employed men on the basis of ten instead of eight hours as a day's work. While this appeal was pending before

the board of trustees, the appellant and the other appealing lotowners, and the contractors, all went together to the part of said Second street where the work had been done for the purpose of examining it. After the investigation the defendant promised the said contractors that if they would do certain other described work, which consisted of certain alterations of and addition to the work already done, he would waive all defects in the assessment and pay them the full amount of said assessment of four hundred and thirty-two dollars and twenty-five cents. The board dismissed the appeal, but made an order that the contractors make certain additions to the work; and said contractors in consideration of said promise of appellant did do all the work which they had agreed with appellant to do, and also the work ordered by said board to be done. The appellant knew of all these facts and circumstances; knew and saw that the work was being done, and made no objection except as hereinbefore stated. The cause of action was assigned by Ramish and Marsh to respondent. (It is admitted that the assessment could not have been legally enforced on account of some mishap in getting an order extending the time for the completion of the work.)

The foregoing are the main facts averred in the first count of the complaint, although it contains many details not here given; and we think that it sufficiently shows a cause of action. A lotowner, without any order from the municipal government, can make a valid contract with another person to have the street and sidewalk in front of his premises improved, provided he can get permission to do so from the proper authorities; and when, as in the case at bar, he says to a person who, for any reason, had already done such work, "if you will now complete this work in a certain way I will pay you for what you have already done," such promise to pay is a valid promise made upon sufficient consideration, and enforceable like any other legal obligation. The fact that the value of the additional work in money was not alleged does not make the complaint insufficient—par-

ticularly as against a general demurrer; whatever its exact value—and the value was proven at the trial without objection—it was a detriment to the contractor and a benefit to appellant, and therefore, a valid consideration. Neither is there anything in the point that appellant can avoid his contract upon the theory that the doing of the extra work would be malicious mischief under section 602 of the Penal Code, because it would be "digging," etc., in a street without proper license, and therefore declared unlawful under section 1667 of the Civil Code. The extra work contracted for was not within the enumeration of acts prohibited by the said section of the Penal Code; it was clearly not malicious; the facts show that the trustees permitted it; and, as the facts averred do not state an unlwful contract, its unlawfulness, if any, was a matter of defense.

As, however, there are three counts in the complaint, and the jury returned a general verdict for the amount prayed for, it is contended by appellant that the verdict and judgment cannot stand if any one of the counts is insufficient, because it cannot be known upon which count the verdict was rendered. This proposition seems to be violative of the principle that an appellant must affirmatively show error, and all intendments are in support of the judgment; but the general rule as contended for by appellant seems to have been announced by former decisions. (*Hunt* v. *San Francisco*, 11 Cal. 258; *Barron* v. *Frink*, 30 Cal. 486.) Whether or not this rule should be applied to a case like the one at bar, where it is apparent that each count is upon the same identical cause of action, it is not necessary to determine; for we think that each of the second and third counts is sufficient as a pleading against a general demurrer; and there is no special ground except that there is an improper uniting of two causes of action. The objection urged against the second count is that it does not state a sufficient consideration for appellant's promise to pay the said amount of four hundred and thirty-two dollars and twenty-five cents. But it is alleged that

the work was done with appellant's knowledge and consent; that it directly benefited appellant's property and appellant received the benefits thereof; that said sum of money was the reasonable value of said work, and was also "the value of the said benefit to defendant's said property." This was a sufficient consideration for appellant's alleged promise to pay said sum of money under the principle stated in section 1606 of the Civil Code. The two objections urged to the third count—that the value in money of the additional work is not stated, and that the contract was unlawful—are the same as those urged against the first count, and, as before stated, are not tenable.

With respect to alleged errors occurring at the trial the court did not err in allowing in evidence the written assignment to respondent by the contractors, Ramish and Marsh, of the assessment hereinbefore mentioned. The contention is, that, as the action is founded upon a promise to pay and not upon a valid assessment, therefore an assignment of the assessment, diagram, warrant, etc., was of no consequence, and was properly objected to "on the ground that it was incompetent." But this assessment was the thing which appellant promised to pay, and the assignment of it was certainly not incompetent as evidence, while it certainly tended in some degree to show an assignment of the obligation sued on.

Appellant contends that some of the instructions given to the jury were erroneous. They mostly involve those general features of the case which are noticed in other parts of this opinion; but the preliminary objection of respondent, that there are no sufficient specifications of the particulars in which they are alleged to be erroneous, must be sustained. The only exception shown in the record on the subject is the following statement by counsel for the defendant: "We except to the instructions asked for and allowed by the court on the part of the plaintiff." This, upon its face, certainly does not "specify the particular upon which the party will rely" within the meaning of the code. It does not

specify *any* particular error.   There are some decisions of this court founded on an expression in the opinion rendered in *Robinson* v. *Western Pac. R. R. Co.*, 48 Cal. 425, in which more liberality is shown to exceptions to instructions given at the request of a party than to instructions given by the court on its own motion; but taken altogether they do not condone the extreme generality of the exception in the case at bar.   There certainly should be at least an exception to each of the instructions by number or other designation; otherwise the attention of the court is not called to any one particular alleged error.   (See cases cited in 2 Ency. of Pleading and Practice, 948–51.)   The latest notice of the subject by this court to which our attention has been called was in *Joyce* v. *White*, 95 Cal. 236, 239, in which it seems to have been held that an exception in these words: "The court erred in giving to the jury instructions asked by plaintiff," was not sufficient.   Certainly such an exception as the one at bar would be insufficient if any part of the instructions excepted to *en masse* is free from error.

It is contended that there was no sufficient proof of the assignment to respondent of the cause of action sued on. It is true that the written assignment of the "assessment" does not clearly express the intent of carrying with it the promise of appellant to pay it; but this assignment, and the conduct of the assignors and assignee, together, show that such was the intent.   Moreover, appellant is not now in a position to question respondent's character as assignee.   There is no pretense that appellant has any defense which he might have made against the assignors which he cannot make with equal force against the respondent.   In such a case, clear proof of the assignment is important to a defendant only in order that a judgment against him may be full protection against any suit that might be brought on the same demand by the assignor.   In *White* v. *Steam Tug Mary Ann*, 6 Cal. 471, where a similar defense was pleaded, the court said: "It is also beyond question that a re-

covery will bar another action for the same cause, and whenever a defendant is thus protected he has no right to make the objection which is here set up." In *Burrows* v. *Stryker*, 47 Iowa, 477, there was some question of the sufficiency of the assignment of the cause of action, but the plaintiff had, by an amendment to his complaint, brought in the assignor—a company—who had appeared and admitted the assignment, and the court said: "An admission of the assignment having been made of record by the company, and a decree against the company having been rendered in favor of the plaintiff, the appellant cannot now question the plaintiff's title." Now, in the case at bar, the assignors, Ramish and Marsh, are estopped, by their acts of record, from denying the assignment, and appellant is fully protected from any subsequent claim which they might set up to the cause of action sued on. In the complaint there is a complete averment that Ramish and Marsh assigned the whole cause of action, including the personal obligation of appellant, to pay the amount of the assessment; and the complaint is verified by Ramish, who stated in his verification that the respondent was absent from the country, that all the facts alleged were within his (Ramish's) knowledge, and that they were true. Afterward, there were some amendments made to the complaint, and it was again verified by the other assignor, Marsh. In fact, it appears that, substantially, the action was brought and maintained by the assignors in the name of the assignee. Our conclusion upon this point is, that the judgment should not be reversed on account of the alleged failure to sufficiently prove the assignment.

The only other contention of appellant necessary to be noticed is, that there was not sufficient proof by respondent of nonpayment of the demand sued on. With respect to this point it is sufficient to say that there is no affirmative plea of payment in the answer; and that the denials that any sum remains unpaid are all coupled with denials that any sum was ever due; so that the

denials might be true, upon appellant's theory of no indebtedness, although no payment had ever been made. Nor is there anything in the record—as claimed by appellant—showing that the case was tried upon the theory of a sufficient averment of payment, or a sufficient denial of nonpayment. In fact, there was no pretense that appellant ever paid anything; the defense was that there was never anything due. This makes it unnecessary to discuss the question whether proof of an existing indebtedness is not sufficient to make a *prima facie* case of nonpayment. The evidence upon all other issues was sufficient to justify the verdict.

The judgment and order denying a new trial appealed from are affirmed.

HENSHAW, J., and TEMPLE, J., concurred.

Hearing in Bank denied.