## OBERNDORFER v. MOYER.*

No. 1696.   Decided April, 1906 (84 Pac. 1102).

1. ACCOUNTS STATED—WHAT CONSTITUTE.—Where plaintiff wrote letters to defendant containing an itemized account of transactions between them and claiming a certain sum, and the defendant acknowledged the receipt of the letters, and promised to ·pay the sum claimed, this was sufficient to constitute an account stated.

2. SAME.—Where an account is rendered by one person to another showing a balance due, and the indebtedness is acknowledged by the person against whom the balance appears, or where parties having previous transactions agree on a balance as due from one to another, this will constitute an account stated.

3. PLEADING—MOTIONS—ELECTION BETWEEN COUNTS.—Where a complaint contains two counts, one on an open account and the other on an account stated for the same cause of action, a motion to elect between the counts was properly denied, the rule being that when a plaintiff has two or more grounds on which he may have

---

*What constitutes an account stated, see note, 27 L. R. A. 811.

a single cause of action, and there is some uncertainty as to which he will be able to establish, he may set forth his claim in different counts so as to include every ground he may have for recovery.[1]

4. JUDGMENT—ENTRY NUNC PRO TUNC.—Where a judgment was rendered in open court for plaintiff on motion of his attorneys, and he paid to the clerk the proper fees, and demanded that a judgment be entered, but the clerk failed to make the entry, it was proper for the court to order its entry *nunc pro tunc.*

5. PARTIES—SUBSTITUTION.—Under Revised Statutes 1898, sec. 2920, authorizing an action to be carried on either by the original party to the contract or his assignee, the refusal of the court to substitute plaintiff's assignee as plaintiff in an action on a contract was not error.

APPEAL from District Court, Salt Lake County; S. W. Stewart, Judge.

Action by Joseph Oberndorfer against George W. Moyer. From a judgment in favor of plaintiff, defendant appeals.

AFFIRMED.

### APPELLANT'S POINTS.

An account stated in an agreement, between parties who have had previous transactions of a monetary character, that all the items of the accounts representing such transactions are true, and that the balance struck is correct, together with a promise, express or implied, for the payment of such balance. (1 Am. and Eng. Ency. of Law [2 Ed.], 437, and cases cited.)

An account stated is an agreement between persons who have had previous transactions, fixing the amount due in respect of such transactions. (1 Cyc. of L. and P., 364, and cases cited.)

When suit is brought on an account stated, plaintiff can only recover by showing both the account and an unqualified assent of defendant to its correctness. (*Mfg. Co. v. Plumbing Co.,* [Neb.], 93 N. W. 204; *Harrison v. Henderson* [Kan.], 72 Pac. 878; *Roach v. Gilmer,* 1 Utah 389.)

---

1 Shaw v. Utah Northern Ry. Co., 6 Utah 253, 21 Pac. 994; Anthony v. Savage, 2 Utah 466.

RESPONDENT'S POINTS.

"Where a plaintiff (under the code) has two or more distinct and separate reasons for the obtainment of the relief he seeks, or when there is some uncertainty as to the ground of recovery, the plaintiff may set forth a single claim in several distinct counts or statements." (5 Ency. Pleading and Practice, p. 321.)

This is the established rule in California, the state from which we have taken most of our code. (*Wilson v. Smith,* 61 Cal. 209; *Leeke v. Hancock,* 76 Cal. 127; *Rucker v. Hall,* 105 Cal. 425; *Stockton, etc., v. Glens, etc.,* 121 Cal. 171; *Bernstein v. Downs,* 112 Cal. 197; *Leffingwell v. Griffing,* 31 Cal. 232; *Pearson v. Milwaukee, etc.,* 45 Iowa 497; *Whitney v. Chicago & Northwestern,* 27 Wis. 340; *Leonard v. Roberts,* 36 Pac. 880 [Colorado]; *Plummer v. Mold,* 22 Minn. 15; 5 Ency. Pleading and Practice, p. 315, sec. 7.)

At the common law it was the invariable rule to join a count on an account stated with any other count for a money demand—assumpsit or otherwise. (1 Ency. Pleading and Practice, 87; *Antony v. Savage,* 2 Utah 466; *Jenson v. Railway,* and *Shaw v. Railway,* 6 Utah 253.)

"Where the entire charge of the trial court fairly states the law applicable to the case, the judgment will not be reversed because a portion of the charge omits one element which might have been stated to the jury." (*McCornick v. M. & M. Co.,* 23 Utah 72; *Major v. Railroad,* 21 Utah 142; *Hamer v. Bank,* 9 Utah 217; *Lexington v. Mining Co.,* 10 Utah 387; *State v. McCoy,* 15 Utah 141; *Anderson v. Mining Co.,* 16 Utah 29.)

Appellant relies upon Section 3181, Revised Statutes 1898, subdivision 6.

This statute is not mandatory. (*Rosenthal v. McMann,* 93 Cal. 505; *Jones v. Chalfant,* 31 Pac. 257 [Cal.]; *Marshall v. Taylor,* 97 Cal. 422; 18 Ency. P. and P., 453.)

A judgment may be entered after expiration of judge's terms. (18 Ency. P. and P., 447e, and notes.)

A judgment may be entered upon *ex parte* application where the judgment is a matter of course. (18 Ency. P. and P., 454.)

STATEMENT OF FACTS.

The facts in this case over which there is no contention are as follows: In March, 1901, plaintiff, who is a mining broker, and defendant entered into an arrangement whereby plaintiff purchased mining stock, principally Lower Mammoth, for defendant. It was agreed that plaintiff should purchase stock and hold the same in his possession as security for the payment of the purchase price, the defendant making, from time to time partial payments on the stock. In pursuance of this arrangement plaintiff purchased mining stock in different companies of the aggregate value of about $6,000 and defendant paid plaintiff on account of such purchases in all about $2,500. Defendant refused to pay the balance and plaintiff, after making repeated demands on him for the payment thereof, sold the stock on the open market, and received therefrom sufficient to pay the balance which he claimed to be due on the purchase price thereof, except the sum of $726.90, for the recovery of which amount plaintiff brought this suit. The complaint contains two counts. In the first count or cause of action it is alleged that between March 1, 1901, and October 21, 1901, plaintiff and defendant had mutual dealings and transactions growing out of the purchase by plaintiff for and on account of defendant the mining stocks hereinbefore mentioned; that on October 21, 1901, there was owing from defendant to plaintiff, on account of said dealings and transactions, the sum of $726.90. The second count or cause of action is based upon an account stated of the indebtedness which it is alleged grew out of the same transactions between plaintiff and defendant hereinbefore mentioned. It is further alleged "that the said sum of $726.90 mentioned and described in the second cause of action is the same sum mentioned and described . . . in the first cause of action." Defendant in his answer set up two defenses: First, that at the time and prior to the giving to

the plaintiff an order for the purchase of stock, the plaintiff falsely represented to the defendant that he, the said. plaintiff, and his friends were purchasing and buying stock of the lower Mammoth Mining Company, which was the principal stock dealt in by the parties, when in truth and in fact, the plaintiff was selling it; also that the plaintiff represented to the defendant that he was in a position to know the value of the mining properties represented by the stock and stated and represented to the defendant that the stock would advance greatly, to wit: to about double the then market value of said stock, and the defendant further alleged the fact to be that the plaintiff did not at that time believe that the stock would advance, but on the contrary, had every reason to believe that the stock would decline in value, and that by reason of said representations, knowing them to be false, relied upon and acted upon by the defendant, the plaintiff had been guilty of such gross fraud toward the defendant, that he ought not to recover. As a second defense, defendant alleged that after the purchase of said stock and the payment by him of a large amount of money thereon and after the stock had declined somewhat in value, he ordered and directed the plaintiff to close out and sell the stock and close the account, and·that the plaintiff might have obeyed such instructions, have sold the stock and have realized therefrom more than enough to pay the difference between the amounts paid for the stock by the plaintiff and the amount paid to plaintiff by defendant on account thereof, and that afterwards, on the 9th and 10th days of September, 1901, similar instructions were given by the defendant to the plaintiff, but that said instructions were not followed, and that had they been followed, sufficient would have been realized to settle up any discrepancies in the account. After a jury was impaneled, and before the introduction of any evidence, the defendant made a motion that plaintiff be required to elect as to which cause of action he would rely on for a recovery, the open account or the account stated. The motion was denied and a trial was had which resulted in a verdict for the plaintiff on the second cause of action (account stated) for the sum of $875.45

principal, and interest. Whereupon the court made the following order: "It is ordered and adjudged that plaintiff have judgment against the defendant in accordance with the verdict rendered herein and for his costs and disbursements herein expended taxed at the sum of $————." On May 5, 1904, three days after the verdict was returned, and after the court had rendered its judgment thereon, plaintiff's counsel paid the clerk of court the sum of $4.20 (being the balance of fees due in the case including the fee for entering judgment) and demanded that judgment be entered and docketed. The clerk neglected and failed to enter and docket the judgment. On June 26, 1905, more than a year thereafter, plaintiff discovered that the judgment had not been entered and docketed, and, immediately upon such discovery, he applied to the court and obtained an *ex parte* order directing the clerk to make an entry as of the date when it should have been made, entering and docketing the judgment, which entry was duly made. Thereupon defendant made a motion to have the judgment thus entered and docketed vacated and set aside on the ground that the court had no jurisdiction to enter a judgment at so late a date after the finding of the verdict. The court overruled and denied the motion. On May 20, 1904, plaintiff assigned all his right, title and interest in and to his cause of action against defendant to the National Bank, of the Republic, which assignment was in writing and filed in the case. Thereupon defendant made a motion to substitute the assignee, bank, for Joseph Oberndorfer as plaintiff in the action. The court denied the motion. From the judgment entered in the cause defendant has appealed to this court.

McCARTY, J., after making the foregoing statement of facts, delivered the opinion of the court.

There is a conflict in the evidence on the issues raised by the affirmative allegations of defendant's answer respecting the alleged false and fraudulent representations made by plaintiff to defendant to induce him to purchase Lower Mammoth mining stock and the refusal and failure of plain-

tiff to dispose of said stock at a time and in accordance with the alleged orders and directions given by defendant thereby causing a loss to defendant of a sum in excess of the amount sued for in this action. We deem it unnecessary to review in detail the evidence introduced on these issues as it would in no way tend to elucidate any of the alleged errors of law assigned, and we fail to see wherein a repro- duction of the evidence would be of any value as a guide to the profession in like cases should any arise. It is suffi- cient to here state that there is ample evidence in the record to support a finding in favor of plaintiff on these issues.

Moyer, the appellant, assigns as error the admission in evidence of certain letters which respondent, Oberndorfer, claims to have written to him in regard to the balance alleged to be due from Moyer to Oberndorfer, and the admission of certain alleged statements containing an itemized account of the various stock transactions between them. Oberndorfer testified that he sent one of the letters containing a statement of the account to Moyer by mail and that the other statement was sent either by mail or messenger but did not remember which. He testified, however, that soon after the letters and statements referred to were sent he met Moyer, who acknowl- edged that he had received the letters and statements of ac- count, and promised to pay to Oberndorfer the balance there- in shown to be due him; that on one occasion Moyer wanted him to "knock off somthing" which he, Oberndorfer, refus- ed to do. Moyer denied having received the letters and state- ments mentioned, or either of them, and also denied that he on the occasions mentioned by Oberndorfer, or at any other time promised to pay the amount in controversy, or any sum whatever, to Oberndorfer. It will thus be seen that there is a substantial conflict in the evidence on this issue of the case which raised a question of fact for the jury to deter- mine and settle. Appellant, however, contends that, taking the evidence on this point in the most favorable light for plaintiff, it fails to show that there was an account stated be- tween the parties. In view of the testimony of Oberndorfer hereinbefore referred to, we think this position of appel-

lant is untenable. The general rule as to what constitutes an account stated is tersely, and as we think, correctly stated in 1 Cyc. 364, as follows:

"In general terms where an account is rendered by one person to another showing a balance due from the one to the other and the indebtedness thus expressed is acknowledged to be due by the person against whom the balance appears, or where parties having previous transactions agree upon a balance as due from one to the other, this will constitute an account stated." (1 A. & E. Enc. L. [2 Ed.], 427, and cases cited; 13 Enc. Pl. & Pr., 87; 2 Greenleaf on Ev., 126.)

The next error assigned is the refusal of the trial court to compel plaintiff to elect upon which of the two counts in the complaint he would proceed to trial. While the decisions on this question are not harmonious, the weight of authority, as well as the better reason, we think, upholds the doctrine that, when a plaintiff has two or more grounds upon which he may have a single cause of action, and there is some uncertainty as to which he would be able to establish at the trial, he may set forth his claim in different counts so as to include each and every ground he may have for recovery. (Bliss, Code Pl. 120; 5 Enc. Pl. & Pr., 312; *Shaw v. Utah Northern Ry. Co.,* 6 Utah 253, 21 Pac. 994; *Pearson v. Milwaukee, etc.,* 45 Iowa 497; *Whitney v. Railway Co.,* 27 Wis. 340; *Leonard v Roberts,* 36 Pac. (Colo. Sup.) 880; *Plummer v. Mold,* 22 Minn. 15.) Our Code of Civil Procedure is substantially the same as that of California, and the Supreme Court of that state has in a number of well-considered cases declared this same doctrine. (*Wilson v. Smith,* 61 Cal. 209; *Leeke v. Hancock,* 76 Cal. 127, 17 Pac. 937; *Rucker v. Hall,* 105 Cal. 425, 38 Pac. 962; *Stockton etc., v. Glens, etc.,* 121 Cal. 167, 53 Pac. 565; *Bernstein v. Downs,* 112 Cal. 197, 44 Pac. 557; *Leffingwell v. Griffing,* 31 Cal. 232.)

Appellant cites and relies upon the case of *Anthony v. Savage,* 2 Utah 466, as decisive of this question. By an examination of that case it will be seen that the defendant, who was indebted to the plaintiff in a large sum, gave plaintiff several acceptances. Payments were made by defendant on these acceptances, but, having failed to pay all of the accep-

tances as they became due, the plaintiff, in order to avoid the effect of the statute of limitations, took up the acceptances and charged the amounts upon its books and credited defendant with the payments he had made on the acceptances. And the complaint in that case contained two counts, one for a balance of account for money paid, and the other was for an account stated. This court held that a suit could not be maintained in the case either upon the account or upon the account stated. In the course of the opinion it is said:

"The proof shows that this balance of account for money was a balance of money due on two certain acceptances, after deducting the payments. The entering of these credits does not make the account mutual."

And it was further said:

"It is not necessary for this court now to decide whether or not there are any cases in which two counts for the same matter may be embraced in one complaint."

It will therefore, be observed that the case is clearly distinguishable from the one under consideration. And, further, that the court did not pass upon and determine the question under consideration.

The judgment in this case was rendered by the court upon motion of plaintiff's attorneys, and in open court. The fees were paid to the clerk and demand was made that judgment be entered. In fact the plaintiff had done all that the statute requires of him to entitle him to have his judgment entered and docketed.

"When a judgment has in fact been rendered, but through some omission of the clerk has not be entered, the court may in proper cases order its entry *nunc pro tunc.*" (18 Enc. Pl. & Pr., 464 and cases cited.

Under the circumstances of this case the trial court did not err in ordering the judgment to be entered and docketed.

Nor do we think the court erred in refusing the substitute Oberndorfer's assignee as plaintiff. Section 2920, Re-

vised Statutes 1898, authorizes an action to be carried on, under circumstances such as are presented in this case, either by the original party or his assignee.

There are numerous other errors assigned, but we do not think they are of sufficient importance to warrant discussion.

We find no reversible error in the record. The judgment is therefore affirmed, with costs.

BARTCH, C. J., and ARMSTRONG, District Judge, concur.