JOHN SWAIN, Plaintiff in Error,

*vs.*

CLARENDON ROYS, Defendant in Error.

ERROR TO·THE CIRCUIT COURT OF MILWAUKEE COUNTY.

Where in an action of replevin for unjust detention, the jury return a verdict for the plaintiff, finding the property replevied ·in the plaintiff and the·value thereof, and assess damages for detention, without finding the fact of the unjust detention on the part of the defendant, the verdict is clearly defective for that reason.

ACTION of replevin, commenced in the Circuit Court of Milwaukee county, by the defendant in error against the plaintiff in error, for the unjust detention of one span of horses, one double wagon, and harness of the value of $165. The sheriff returned that he had replevied the property and delivered the same to the plaintiff.

In due time the plaintiff filed his declaration in the district. The defendant pleaded, 1. The general issue; and 2. That the horses, goods and chattels, &c., mentioned in the plaintiff's declaration, were, at the commencement of the suit, and "still are," the property of the defendant.

To this plea the plaintiff replied, alleging property in himself, concluding to the country.

Exceptions were taken to several rulings of the court below; but as they do not enter into, or form a part of the decision of the court, they are not repeated here.

After hearing the evidence, and having been .charged by the court, the jury returned their verdict as follows, to wit:

" That they (the jury) find the property replevied to be in the plaintiff, and they find the value of said property to be the sum of $170, and they assess the damages to the plaintiff for the detention thereof, at the sum of six cents." Whereupon judgment was rendered by the court below, that the plaintiff retain the property replevied, and recover of the defendant six cents damages for detention, and one hundred and fifteen dollars and forty cents costs.

*By the Court,* SMITH, J.   The verdict in this case is entirely defective, in not finding the fact of the unjust detention of the property by the defendant.   Damages could not be assessed for detention, unless that fact was found by the jury.   This was the main fact in issue; indeed, if the return of the clerk be correct, it was the only fact in issue.

The second plea of the defendant alleges the property to be in the plaintiff.   This is probably a mere misprision of the clerk. It must be the error of the clerk who copied, or of the attorney who drew the plea.   Be this as it may, it leaves the issue made by the first plea, *non detinet,* to be found.   The jury find the property to be in the plaintiff, assess its value, and damages for its detention, but fail to find that the *defendant* unjustly detained it.   They doubtless intended to do so, and the counsel might have caused the verdict to be put in proper form at the time of its rendition.   He did not do so, and we have no power to amend it now.   The defect was not, probably, noticed in the hurry of circuit business, and judgment was rendered against the defendant.   The judgment must be reversed for this cause.

But there is another point made by the plaintiff in error, founded upon the refusal of the court to give the instructions asked for by the defendant below on the trial, and also upon exceptions taken to the instructions positively given by the court.

Inasmuch as the determination of the case does not depend upon a decision of the question made by the assignment of error, here alluded to, and as it was not made a subject of much discussion at bar, we do not feel called upon to consider the matter thereof, but will leave it to further discussion and consideration, should occasion hereafter require; and the more especially so, as the point was not argued on the hearing, and the briefs of counsel are too indefinite and vague to enable the court to act advisedly upon a question so important in principle, and of such practical application in every day business transactions.

For the reasons first above given the judgment of the court below must be reversed, and the cause remanded for further proceedings according to law.