### BUTLER vs. TITUS and another.

13   429
85   352

In an action upon a promissory note given by the defendants to the plaintiff, the
    former may recover, by way of counter-claim, damages occasioned by the
    mal-performance of the work for which the note was given and by a breach
    of warranty in respect to it; and there being no stipulation to that effect in
    the agreement, it is not necessary for them to show that they first gave the
    warrantor an opportunity to remedy the defects, although he was within a
    convenient distance so that they might have done so.

APPEAL from the Circuit Court for *Racine* County.
*Sanders & Ladd*, for appellants.
*Strong & Fuller*, for respondent.

*By the Court,* PAINE, J. This was an action upon a promissory note given by the defendants to the plaintiff. The defendant set up, by way of counter-claim, that the note was given for putting a water wheel into the defendants' mill, which was agreed to be put in in a good and workmanlike manner, and warranted to perform in a certain way; and that it was not done in a workmanlike manner, and did not perform as warranted, whereby they were damaged, &c. Evidence on this point was introduced by both parties, and the court instructed the jury, that before the defendants could recover any damages for a breach of the warranty or expenses for repairs to make the work as warranted, they must show that they had first informed the plaintiff or his agent, of the defect, so as to give him an opportunity to remedy it, provided the plaintiff or his agent was "within reach or a convenient distance of the defendants."

This was erroneous. The right of a defendant in an action on a promissory note, to set up in reduction of damages a breach of warranty in respect to the thing sold or the work done, for which the note was given, we consider established in this country. *Reab vs. McAllister,* 8 Wend., 120; Edwards on Bills and Notes, p. 333–4, and notes. And in the absence of any agreement to that effect by the parties, we know of no rule of law requiring a party for whom work has been done, and warranted to be of a particular quality, upon a breach of the warranty, to request the warrantor to do it over again, before he is entitled to his damages. If he is bound to give him such opportunity once, why not twice, if it fails again? Why is he not bound to continue to let the warrantor work at the article as long as he may be willing to attempt to make it what he agreed to? His right to have one opportunity to do it over again after having once completed it, can only be sustained on the hypothesis that the agreement is not absolutely that the work shall be as warranted in the first instance, but that if it is not so, he will make it so on having a further opportunity. And if this was the agreement, it would require that he should be allowed to make the attempt again. But this is not the agreement of warranty. That is, that the work when completed

shall be as warranted. It is true that the parties often stip- <span>January Term, 1861.</span>
ulate that the warrantor may repair or remedy defects for a
specified time, and then of course he would have that right. <span>BEAN et al. v. WHITCOMB et al.</span>
Such was the case of *Fisk vs. Tank,* 12 Wis., 276. But we
there held that after the specified time had elapsed, the party
for whom the work was done was no longer bound to call on
the warrantor to repair. And where no such stipulation is
made, he is not bound to call on him at all. If he were, a
man might be bound to allow a workman whom his first ef-
fort had shown utterly incompetent to the task he had un-
dertaken, to damage him further by a second effort, before
he could recover the damages occasioned by the first. But
we will not pursue the subject, as the counsel for the re-
spondent did not contend that the instruction was correct.
He only contended that it fully appeared from the evidence
that the verdict was correct, and therefore ought not to be
disturbed, even if the instruction was erroneous. But there
was evidence on both sides, and as the instruction was di-
rectly applicable to the point in issue, whatever opinion we
might have on the evidence, it is not for us to assume the
province of the jury, and decide upon the evidence for the
purpose of sustaining the judgment.

That is for the jury to do upon proper instructions, and as
they were erroneously instructed, the judgment must be re-
versed, with costs, and the cause remanded for a new trial.