Eldred vs. The Oconto Company.

## ELDRED VS. THE OCONTO COMPANY.

VERDICT. (1, 2) *General verdict; form and effect.* (3) *Defective verdict.*

EXCEPTIONS TO INSTRUCTIONS. (4–6) *Must be specific; Effect of a contrary rule of court.*

MODIFICATION OF INSTRUCTION. (11) *What constitutes. When judgment reversed therefor.*

REPLEVIN. (7–9) *When demand necessary. Pleading and proof.* (10) *Confusion of goods.*

1. A *general verdict* for a party is a finding in his favor of all the issues of fact made by the pleadings.
2. In replevin for logs the verdict was, that " they (the jury) *find for the plaintiff*, that he is the owner and lawfully entitled to the possession of the property described in the complaint, that the value thereof is $3,195.20, and that the plaintiff's damages for the unlawful detention thereof is $301.31." *Held*, that this is a *general* verdict, and determines that the logs were unjustly detained, that being one of the issues.

[3. DIXON, C. J., is of opinion,

    (1) That the words " find for the plaintiff," in the verdict, must be connected directly with the clauses which follow, and understood to mean that the jury find in plaintiff's favor the facts stated in those clauses, and that the verdict is therefore *special*.

    (2) That the amount of damages for the unlawful detention shows that the jury *intended* to find that the property was unlawfully detained; and any formal defect in the verdict in that particular must be disregarded, under sec. 40, ch. 125, R. S.]

4. The rule that an *exception to instructions*, to be of any avail in this court, must be *specific*, calling the attention of the court below to the particular error claimed to exist, is established mainly for the protection of the prevailing party, and is in furtherance of justice, and cannot be abrogated by the practice of any circuit court.

Eldred vs. The Oconto Company.

5. At the close of the general charge the bill of exceptions states: "To each and all of said instructions defendant excepted, according to the practice in this circuit, which allows either party the benefit of an exception to each and every proposition contained in the charge of the court, without otherwise directing the attention of the court to the particular points intended to be excepted to." The court also gave ten of twelve instructions asked by the respondent, and the bill of exceptions states that "the defendant excepted to each and all of those given." *Held,* that such exceptions are insufficient, unless all of the propositions thus excepted to are erroneous.

6. If the appellant had been *compelled* to take his exceptions in this manner by the practice of the circuit court, the judgment would be reversed on that ground. Per DIXON, C. J.

7. A *demand* must be shown only when defendant had a *right of possession,* which was liable to be terminated by such demand.

8. Where chattels *unlawfully taken* from the possession of the owner have passed into the hand of an innocent third party, who purchased supposing the vendor to be the owner, an action to recover the possession thereof may be maintained *without previous demand made.*

9. It makes no difference in such a case that the complaint charges merely an *unlawful detention,* and not an unlawful taking. The plaintiff may still prove the *unlawful taking,* and thus show that, although no demand was made, the detention was unlawful.

10. In replevin, where plaintiff's logs had been mixed with those of defendant, and there was no evidence that the former differed in description, quality or value from the latter, and plaintiff was unable to identify his own, he was entitled to recover a quantity of logs, out of the common mass, equal to the quantity owned by him.

11. The court gave an instruction asked by the defendant, stating what the law would be "if the logs taken from the plaintiff could be identified." It then added, of its own motion, an instruction stating what the law would be "if the logs could *not* be identified." *Held,*

   (1) That this was not a violation of the statute (Tay. Stats., 1496, § 15), which declares that the judge "shall give each instruction asked by counsel on the trial of a cause, to the jury, without change or modification, the same as asked, or shall refuse each in full."

   (2) That the statute does not provide that a violation thereof shall work a reversal of the judgment; and this court would not reverse because the judge had modified an instruction asked, unless such modification should injuriously affect a substantial right of the appellant.

APPEAL from the Circuit Court for *Oconto* County.

This is an action to recover the possession of 1,446 pine saw logs, which the complaint alleges were unlawfully detained by the defendant from the plaintiff. The complaint is in the usual form, alleging that the plaintiff is the owner and entitled to the possession of the logs. The answer is the general denial. The further facts in the case are stated in the opinion.

The plaintiff had a verdict and judgment, and the defendant appealed.

*Robert Ellis*, for appellant, with *Hudd & Wigman*, of counsel, contended, 1. That while, in an action against the original wrongdoer, no *demand* of the property taken would be necessary, where the defendant obtained the possession in good faith from such wrongdoer, and merely detained the property, a demand was necessary before action brought. 13 How. Pr. R., 219; 28 id., 197; 3 Abb. Pr. R., 383; 18 id., 250; 26 Barb., 167; 42 id., 554; 19 Wend., 431. 2. That the act of the circuit judge in *modifying* one of the instructions asked by defendant was in violation of the statute. Tay. Stats., 1496, § 15. 3. That one of the issues was as to the unjust *detention* of the property; that this issue is entirely ignored by the verdict; and that this defect is ground of reversal. *Swain v. Roys*, 4 Wis., 150; 3 id., 399; 13 id., 17; 22 id., 568; 30 id., 200; 2 Chand., 160. 4. That the court erred in giving certain instructions, and in refusing certain others.

*Neville & Tracy*, for respondent, argued, 1. That in no case, where the original taking was wrongful, is any demand necessary, even though the property may have passed into the hands of a *bona fide* purchaser. *Smith v. McLean*, 24 Iowa, 322; *Stanley v. Gaylord*, 1 Cush., 536; *Galvin v. Bacon*, 11 Me., 30, 31; *Parsons v. Webb*, 8 Greenl., 38; *Hyde v. Noble*, 13 N. H., 494; *Lewis v. Masters*, 8 Blackf., 244. Even under the New York authorities, defendant is liable in this action without a demand, as before the suit was brought it had been guilty of an *actual conversion* of the logs. *Cobb v. Dows*, 9 Barb., 242; *Ely v. Ehle*, 3 Coms., 506; *Dudley v. Hawley*, 40 Barb., 397; *Brooks*

*v. Olmstead,* 5 Harris, 24; *Talmadge v. Scudder,* 2 Wright, 517, 523; *Higginson v. York,* 5 Mass., 341; 1 Smith's L. C., 608. 2. That the exception taken to the instructions was of no avail. *Strohn v. Railroad Co.,* 23 Wis., 126; *Paggeot v. Sexton,* id., 195; *Thomas v. Mitchell,* 27 id., 414; *Kellogg v. Railway Co.,* 26 id., 223; *Newell v. Doty,* 33 N. Y., 83–93; *Walsh v. Ins. Co.,* 32 id., 427. 3. That the verdict was sufficient. *Everit v. Walworth Co. Bank,* 13 Wis., 419; *Fitzer v. McCannan,* 14 id., 63.

LYON, J. I. The verdict is as follows: "The jury severally on their oaths do say, that they find for the plaintiff, that he is the owner and lawfully entitled to the possession of the property described in the complaint, that the value thereof is $3,195.20, and that the plaintiff's damages for the unlawful detention thereof is $301.31."

It is claimed that the verdict is fatally defective because it fails to find specially that the logs were unjustly detained by the defendant. The objection is not well taken. A general verdict for a party is a finding in his favor upon all of the issues of fact made by the pleadings. This is a general verdict for the plaintiff, and hence is equivalent to a special finding that the logs were unjustly detained by the defendant. *Everit v. The Walworth Co. Bank,* 13 Wis., 429; *Krause v. Cutting,* 32 Wis., 688. All of the cases cited by counsel for defendant in support of their position, are believed to be cases where there was no general verdict, and the special findings did not include all of the issues, or where the statutes required a special finding upon some issue, or where the losing party had established some interest in the property which was not determined by a general verdict for the other party. *Warner v. Hunt,* 30 Wis., 200, is a case belonging to the latter class.

I am aware that the head note to the case of *Swain v. Roys,* 4 Wis., 150, conveys the impression that the verdict in that case was a general one for the plaintiff; but the opinion fails to show that such was the fact. Mr. Justice SMITH says of the

Eldred vs. The Oconto Company.

verdict: "The jury find the property to be in the plaintiff, assess its value, and damages for its detention, *but fail to find that the defendant unjustly detained it.*" It is fair to assume from this language that there was no general verdict for the plaintiff.

II. The next question relates to the sufficiency of the exceptions to the charge of the court to the jury. At the close of the general charge we find in the bill of exceptions the following: "To each and all of said instructions defendant excepted, according to the practice in this circuit, which allows to either party the benefit of an exception to each and every proposition embraced in the charge of the court, without otherwise directing the attention of the court to the particular points intended to be excepted to." The court also gave ten of twelve instructions asked for on behalf of the plaintiff, and the bill of exceptions states in respect to these, that "the defendant excepted to each and all of those given."

Unless these exceptions are saved by the practice of the court in the eighth judicial circuit, they are clearly insufficient to authorize a review, in this court, of the charge and instructions. It was said in *Bigelow v. The West Wisconsin Railway Co.*, 27 Wis., 478, that this court had repeatedly held that it would not review the charge of the circuit judge, "unless his attention was specially called to those portions complained of, when the same were given, so that he might have the opportunity to modify or withdraw the objectionable portions, should he deem them incorrect." (p. 483.) See also *Hungerford v. Redford*, 29 Wis., 345, and cases cited. It is the office and function of an exception to bring to the attention of the court the particular portion of the instructions which is claimed to be erroneous, and if it fails to do so, it is not a good exception. It is quite impossible, from the exceptions under consideration, to know or to ascertain this. The instructions relate to many propositions of fact and law; and, indisputably, they are not altogether erroneous. The exceptions point out no specific error therein.

The rule above stated has often been applied to exceptions to the report of a referee, and to the findings by the judge. Yet the reasons for its application to the charge or instructions of the court to the jury are obviously much stronger than in the cases of such reports or findings. For in the latter cases the exceptions are not interposed until after the reports or finding have been filed, and there is not, as in the case of exceptions to the charge, an opportunity for the immediate correction of the errors which may be pointed out by specific exceptions.

It seems very clear that a single exception to "each and all" of the instructions does not point out the specific errors complained of, with any greater particularity than would one exception generally to the whole charge. In *Newell v. Doty*, 33 N. Y., 83, the plaintiff excepted "to each and every one of the decisions and rulings of the referee, * * * *severally, separately and distinctively.*" It was held that this was insufficient to secure a review of the referee's report. In the opinion in that case, POTTER, J., uses the following language:

"It is not in accordance with the practice of this court to review exceptions to the report of a referee, expressed in such general terms as those in this case. They point to no specific error, but seem to proceed upon a kind of chance experiment, upon the theory that not being able at the time to point out a specific objection, they may, at some future day, be able to discover one which can be introduced under a general objection, or, perhaps, and more probably, in the indulgence of a hope that the court of review may be able to find an objection for them." (p. 93.) In the present case, however, it is but just to the learned and ingenious counsel for the defendant, to say, that we should despair of finding any objections to the charge or instructions to the jury which they have not discovered and pressed upon our attention.

This rule of practice is mainly for the protection of the prevailing party, to the end that his judgment shall not be re-

versed merely because of some inadvertence or omission of the judge in giving or refusing instructions, unless his attention was called thereto by a specific exception, and opportunity thus given to correct the error. The rule is in furtherance of justice, and secures a most valuable right, by providing a safe-guard against the consequences of errors, which, in the haste of a trial, are very liable to be committed. It seems very clear that the circuit court can not properly abrogate it. It is some-thing more than a mere rule of procedure; it involves a sub-stantial right. We must therefore disregard the practice of the circuit court in this behalf, and hold that the exceptions under consideration are insufficient to authorize this court to review the portions of the charge or instructions to which they relate.

Before leaving this branch of the case, I may be permitted to state that the usual practice in the first circuit is, for the parties to stipulate that if either of them should desire to set-tle a bill of exceptions, he may insert therein specific excep-tions to any portion of the charge. In the absence of such stipulation, ample time is given the parties to prepare such ex-ceptions, before the jury retire.

III. The court refused to give the following instruction prayed for on behalf of the defendant: "If the logs, taken from the lands of the plaintiff, were taken by a party or parties other than the defendant, and the defendant purchased said logs in good faith, without knowledge how they came into the posses-sion of said third party or parties, then the defendant is not liable in this action without a previous demand." Due excep-tion was taken to such refusal.

The testimony tends to show that the logs in controversy were purchased in good faith by the defendant, of parties who wrongfully took the same from the lands of the plaintiff — the defendant supposing and believing that their vendors owned the logs; and no demand therefor was made before this action was commenced. The question is, whether, under these cir-

cumstances, a demand is necessary before an action to recover the logs can be maintained against the defendant.

It must be conceded that in New York the courts have uniformly held, that where property which has been wrongfully taken from the owner, comes to the hands of an innocent third party, an action to recover it cannot be maintained by the owner against such *bona fide* holder thereof, until after demand. But we find a decided weight of authority the other way, and we are satisfied that the New York rule is not sound in principle.

The subject is fully discussed, and numerous authorities cited, in the cases of *Stanley v. Gaylord*, 1 Cush., 536; *Galvin v. Bacon*, 11 Maine, 28; and *Smith v. McLean*, 24 Iowa, 322. The head note to the latter case is as follows: "Demand of possession before commencing an action of replevin need be made only in those cases where it is necessary to terminate the right of possession in the defendant and confer it upon the plaintiff. *Where both parties claim title and the right of possession incident thereto, no demand is necessary.*" This is precisely such a case. Both parties here "claim title and the right of possession incident thereto." In the Maine and Massachusetts cases above cited, it was held that if the bailee of a chattel, without authority to retain or sell it, does sell or mortgage such chattel, even to a person who believes that he may lawfully do so, and the purchaser or mortgagee takes possession of the same, trover or replevin can be maintained therefor against such innocent purchaser or mortgagee, by the owner, without a previous demand. These are not as strong cases for the plaintiff as this, because in this case there was never any bailment of the logs. It is not deemed necessary to enter into a full discussion of the question. It is sufficient to say that we approve of the doctrine of the above cases, and adopt the same as the law of this case.

But it is said that this doctrine is only applicable where the complaint charges a wrongful taking. We do not think that

this position can be maintained. By omitting to allege in his complaint that the original taking was tortious, the plaintiff does not admit that the taking was lawful, or preclude himself from showing that it was, in fact, a wrongful taking. And by proving its tortious character he demonstrates that the detention of the logs by the defendant is unlawful. In other words, by proving a state of facts which renders a demand unnecessary, he proves the *gravamen* of his action, to wit, the unlawful detention of the logs.

IV. The court charged the jury, at the request of the defendant, that " if the logs taken from the lands of the plaintiff could be identified, then he would not be authorized to seize other logs of the defendant, but must pursue his own property." But the court also, in addition thereto, instructed as follows: " On the other hand, if the logs could not be identified, by reason of being intermixed with other logs floating in the river, the plaintiff would be entitled to enough logs of the *Oconto Co.* mark F, to make up the quantity and value of the logs taken from plaintiff's land, ·and received by the defendant into its possession." The defendant duly excepted to such additional instruction. The additional instruction is correct. There is no evidence that the logs claimed by plaintiff differed in description, quality or value from those of the defendant with which they were intermixed; and *Young v. Miles*, 20 Wis., 615, is authority that in such case the plaintiff may maintain replevin for a quantity of logs out of the common mass, equal to the quantity owned by him, provided he is unable to identify his specific property. See also *Newton v. Howe*, 29 Wis., 531.

But it is claimed that the additional instruction is a violation of that provision of the statute which enacts that the judge "shall give each instruction asked by counsel on the trial of a cause, to the jury, without change or modification, the same as asked, or shall refuse each in full." Tay. Stats., 1496, § 15. The statute does not provide that a violation of it

in this particular shall work a reversal of the judgment. If, however, the change or modification of an instruction should affect injuriously a substantial right of the party asking such instruction, it would doubtless be a good ground for reversing a judgment against him. Otherwise it would not. *Allard v. Lamirande*, 29 Wis., 502 ; R. S., ch. 125, sec. 40. But if such change or modification is necessary to make the instruction asked conform to the law, we shall be slow to hold that the rights of any one are or can be, affected thereby. See *Andrea v. Thatcher*, 24 Wis., 471.

In this case, however, the instruction given at the request of the defendant is not changed or modified by such additional instruction. The former states the law in the contingency that the logs could be identified, and the latter gives the law of the case in the contingency that they could not be identified.

V. It is believed that all other alleged errors, which have been argued by counsel, are disposed of by the ruling upon the exceptions to the charge and instructions, and cannot be considered on this appeal.

It follows from the foregoing views, that the judgment of the circuit court must be affirmed.

*By the Court.* — Judgment affirmed.

The appellant moved for a rehearing.

DIXON, C. J. I have examined the argument in support of the motion for a rehearing, and am strongly inclined to agree with counsel for the defendant that the verdict in this case is special, and not general, as held in the opinion of the court. I think the words " find for the plaintiff," cannot be grammatically severed from those which immediately follow, so as to admit of the construction put upon them in the opinion. The connection is such as to forbid such separation, and to limit the finding " for the plaintiff " to such facts as are specifically named immediately after in the same sentence. The verdict in this

regard differs materially from those in the cases cited in the opinion, and is much more like that in *Swain v. Roys,* 4 Wis., 150, which was looked upon by the court as special.

But notwithstanding such is my view of the verdict, I am still of the opinion that the omission of the finding of an unlawful detention ought not to result in a reversal of the judgment, as in *Swain v. Roys.* In this case, as in that, the jury assessed damages in favor of the plaintiff for the detention, which could not have been done unless they found the property was unlawfully detained by the defendant. As observed by the court there, the jury doubtless intended to do so, that is, to so say or declare by their verdict. Such a defect is *now* to be *disregarded,* by statute. I refer to sec. 40, ch. 125, R. S. (2 Tay. Stats., 1447, § 44), which enacts that " the court shall, in every stage of an action, disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the adverse party ; and *no judgment shall be reversed* by reason of such error or defect."

With respect to the alleged exceptions to the instructions, I desire merely to add that it does not appear that counsel for the defendant were *compelled* to yield to or to adopt the practice said to prevail in the tenth circuit. If they had been obliged to follow that practice, or prevented from taking their exceptions according to the well-settled rules of this court, that, in my judgment, would have clearly been error for which the judgment should have been reversed.

*By the Court.* — Motion for rehearing denied.