THEODORE NELSON

V.

ELIZA BOWEN.

1. REPLEVIN—TROVER—JURY FINDING ONLY AS TO PART OF MATTER
PUT IN ISSUE.—Where plaintiff brought an action of replevin in justice's
court for certain goods described in the writ, under which a portion only of
such goods was obtained, and on appeal to the circuit court defendant failed
to appear, and the jury impaneled and sworn to try the issues returned the
following verdict: "We, the jury. find the right of property obtained on
the writ of replevin in the plaintiff, and assess her damages at $133.50 for
detention of goods not obtained," and the court rendered judgment that
plaintiff retain possession of the property replevied, to be held irreplevisable,
and recover of defendant $133.50 as damages.  *Held*, that when the plaintiff
below sought to recover for the goods which were not obtained, it was in
trover, and the law raised the presumption of an issue being joined as upon
a plea of not guilty to that count; that the verdict is fatally defective in
finding only as to part of the matter put in issue.

2. PRACTICE—DEFECTIVE VERDICT.—If a jury finds but part of the
matter put in issue and says nothing as to the rest, the verdict is ill, and a
*venire facias de novo* shall issue if no judgment is given; but if judgment is
given upon such verdict it shall be reversed.

ERROR to the Circuit Court of Cook county; the Hon. JOHN
G. ROGERS, Judge, presiding.  Opinion filed November 11,
1884.

Mr. FRANK BAKER, for plaintiff in error; that if the jury find
only part of the matter in issue, judgment can not be entered on
the verdict, and if entered it must be reversed, cited 1 Tidd's
Practice, 140; Bemus v. Beekman, 3 Wend. 668; Miller v.
Tretz, 1 Lord Raymond, 324; Patterson v. U. S., 2 Wheat.
221; Dart v. Horn, 20 Ill. 213; Swain v. Roys, 4 Wis. 130;
Com. Dig. Plead., § 22; Van Belthuysen v. DeWitt, 4 John.
214.

Mr. GEORGE SPARLING, for appellee; that the informality in
the verdict should not vitiate, cited Bates v. Williams, 43 Ill.
494; James v. Morey, 44 Ill. 352; Hartford Ins. Co. v. Van-
duzor, 49 Ill. 489; Parmelee v. Smith, 21 Ill. 620; Kirkpat-
rick v. Cooper, 89 Ill. 210; Hudson v. Maze, 3 Scam. 578.

McALLISTER, J.   This was an action of replevin, brought
in justice's court, by Bowen against Nelson, for certain goods
and chattels described in the writ, under which a portion only
of such goods was obtained.   An appeal was taken to the cir-
cuit court, and when the case was reached for trial the defend-
ant failed to appear, and the plaintiff had a jury impaneled
and sworn to try the issues, who, after hearing evidence, re-
turned the following verdict, which was entered of record:
" We, the jury, find the right of property obtained on the
writ of replevin in the plaintiff, and assess her damages at
one hundred and thirty-three and $\frac{50}{100}$ dollars, for detention
of goods not obtained."   Whereupon the court rendered
judgment that plaintiff retain possession of the property re-
plevied, to be held by her irreplevisable, and recover of said
defendant one hundred and thirty-three dollars and fifty cents,
her damages so as aforesaid by the jury assessed, etc.

The defendant brings the case here on error, and assigns
for error that said verdict was so defective in substance that
the judgment must necessarily be regarded as erroneous.

The action having originated in justice's court, no pleadings
in writing were required there or on appeal.   But it does not
follow that there were no particular issues to be tried, when
the jury was chosen and sworn in the circuit court.   When
the plaintiff below sought to recover for the goods which were
not obtained by the writ of replevin, it was in trover, under
the statute above referred to; and the case is to be regarded
the same as if there had been a count in trover.   That being
so, then the law raises the presumption of an issue being joined,
as upon a plea of not guilty to that count.   Hennies v. The
People, 70 Ill. 100.

What in that state of the case were the issues?   In order to
recover, the plaintiff was bound to show absolute or special
property in the goods or some of them, and a wrongful conver-
sion by the defendant.   Whether there was such property in
the plaintiff, and whether the defendant had wrongfully con-
verted the goods in question, were necessarily the issues in-
volved.   A general verdict of guilty would, however, com-
prehend them all.   But the verdict in this case does not find

the defendant guilty under any issue. And, as respects the goods not obtained under the writ, it finds nothing as to the property of the plaintiff in them or any part of them; nor does it find that they had been wrongfully taken or detained by the defendant. The verdict is manifestly defective in finding only as to part of the matters put in issue, and in saying nothing as to other matters essential to the judgment which was given.

In Mattson et al. v. Hanisch, 5 Bradwell, 102, we stated the rule in such case to be this: "If a jury finds but part of the matter put in issue, and says nothing as to the rest, the verdict is ill, and a *venire facias de novo* shall issue if no judgment is given; but if judgment is given upon such verdict it shall be reversed." That rule is fully supported by the authorities. In Miller v. Trets, Ld. Raym. 324, there was an information exhibited against defendant for selling lace and silks, etc. Upon issue joined the jury found the defendant guilty as to the selling lace, etc., but said nothing as to the silks, and judgment passed in the exchequer for the informer. Upon error the judgment was reversed because the verdict did not comprehend the whole issue.

In Patterson v. United States, 2 Wheat. 221, the verdict of the jury varied from the issue and found only as to part of the matter in issue. The court, by Washington, J., said: "The rule of law is precise upon this point. A verdict is bad if it varies from the issue in a substantial matter, or if it find only a part of that which was in issue. The reason of the rule is obvious; it results from the nature and the end of the pleading. Whether the jury find a general or a special verdict it is their duty to decide the very point in issue, and although the court in which the cause is tried may give form to a general finding, so as to make it harmonize with the issue, yet if it appears to that court or to the appellate court that the finding is different from the issue or is confined to a part only of the matter in issue, no judgment can be rendered upon the verdict."

Bemus v. Beekman, 8 Wend. 668, is to the same effect. Sivani v. Roys, 4 Wis. 150, holds that the verdict in such a case as this, if it fail to find that the defendant wrongfully

took or detained the goods, is so defective that a judgment upon it must be reversed.

Being of the same opinion here, the judgment of the court below will be reversed and the cause remanded.

Judgment reversed.