## Wolf Goldstein v. James P. Smith et al.

1. VERDICTS—*Of Guilty in Replevin.*—A verdict in replevin finding the defendant guilty and assessing the plaintiff's damages is equivalent to a finding of the property in the plaintiff.

2. APPELLATE COURT PRACTICE—*Insufficient Abstracts.*—An abstract in the following language—" As there is no point made on any of the evidence other than that abstracted or the rulings of the court in admitting or excluding evidence, and as the only error assigned in this court is raised on the record and the pleadings, for the purpose of saving the time of the court we do not further abstract the evidence," is tantamount to an abandonment of a contention that the verdict is excessive in amount.

3. PRACTICE—*Waiver of Irregularities in Verdict.*—Where a verdict is returned by eleven only of the twelve jurors empaneled to try the issues, and no objection is made to it upon that ground, and counsel permit it to be received without objection at the time, or upon a motion for a new trial, it can not be raised for the first time in this court.

Replevin.—Appeal from the Superior Court of Cook County; the Hon. MARCUS KAVANAGH, Judge, presiding. Heard in this court at the March term, 1899. Affirmed. Opinion filed November 2, 1899.

This suit was brought in replevin by appellees against appellant. The declaration was in replevin with a count in trover added. Appellant pleaded *non cepit, non detinuit,* and property in defendant. Trial was had with a jury, and the verdict was in the following form : " We, the jury, find the defendant guilty and assess the plaintiff's damages at the sum of three hundred eighty-two and 16-100 dollars; this amount is with interest included." This verdict was signed by twelve jurors, among whom was Charles Koehnke, as appears from the common law record of the verdict and

from the bill of exceptions.   The common law record of the empaneling of the jury shows the same jury empaneled, except that in place of the name of Charles Koehnke appears the name James Roach.

Motions for a new trial and in arrest of judgment were overruled and judgment was entered upon the verdict. From that judgment this appeal is prosecuted.   An additional record filed here discloses that on May 4, 1899, which was after the trial and after judgment, and at a term subsequent to the judgment term, the trial court entered an order that the record of the proceedings had on the 4th day of January, A. D. 1899, be amended by striking the name " Jas. Roach " from the record and inserting, in lieu thereof, the name of " Charles Koehnke."   The order recites, in effect, that the court, having read the record, the bill of exceptions and a transcript of the stenographic notes taken at the trial, finds that the writing of the name of James Roach in the record was a clerical error; that James Roach was not one of the jurors empaneled, but that Charles Koehnke was a juror duly empaneled, and that he sat as a juror upon the trial and was one of the jurors who returned the verdict.

HOFHEIMER & PFLAUM, attorneys for appellant.

HOYNE, O'CONNOR & HOYNE, attorneys for appellees; HARRY D. IRWIN, of counsel.

MR. PRESIDING JUSTICE SEARS delivered the opinion of the court.

It is contended by counsel for appellant that the judgment of the trial court should be reversed because, first, the verdict is not responsive to the issues; second, the verdict is for an excessive amount, not warranted by the evidence; and third, the verdict was not returned by all the jurors who were empaneled and sworn to try the issues.

As to the first contention, there can be no question but that it is the rule that if a verdict varies from the issue in a

substantial matter, or if it find only a part of that which is in issue, it is bad. The verdict here is informal, and the jury should have been sent back to correct it. But we are of opinion that this informality does not bring it under the rule stated, and should not operate to work a reversal of the judgment which was rendered upon the verdict. In other words, the verdict, though not proper in form, did, nevertheless, by its finding of guilty, comprehend all the issues of fact presented by the pleadings. Jarrard v. Harper, 42 Ill. 457; Nelson v. Bowen, 15 Ill. App. 477.

In the former case the trial court, by an instruction, directed the jury that if they believed certain facts from the evidence they should find the defendant guilty. The action was replevin. It is true, as argued by counsel for appellant, that the report of this decision does not show the form of the verdict returned, but the only inference from the language of the decision is that the verdict responded in form to the instruction of the court and was a verdict of guilty only. The Supreme Court said in review that though the form of the verdict was not right, yet it was equivalent to a finding of property in plaintiff.

In Nelson v. Bowen, *supra*, Mr. Justice McAllister, speaking for the court, said:

"In order to recover, the plaintiff was bound to show absolute or special property in the goods, or some of them, and a wrongful conversion by the defendant. Whether there was such property in the plaintiff, and whether the defendant had wrongfully converted the goods in question, were necessarily the issues involved. A general verdict of guilty would, however, comprehend them all."

As to the second contention, viz., that the verdict is excessive in amount, we are unable to decide without an examination of the record itself. Counsel have not abstracted the evidence so as to enable us to examine it in this behalf. The abstract contains this clause:

"As there is no point made on any of the evidence other than that abstracted or to the rulings of the court in admitting or excluding evidence, and as the only error assigned in this court is raised on the record and the pleadings, for

the purpose of saving the time of the court, we do not further abstract the evidence."

We must assume, therefore, that the counsel have abandoned the assignment of error which questions the sufficiency of the evidence to sustain the verdict as to the amount of damages assessed.

The third contention is that the verdict was not returned by the jury empaneled to try the issues. There is no question but that eleven of the jurors empaneled did return the verdict. No objection was made to the verdict when it was received upon the ground that it was returned by eleven only. When the verdict was returned, counsel permitted it to be received without any question as to the persons who returned it. Had there been any error in this respect, it might have been then corrected had objection been made. Nor was the question raised upon motion for a new trial.

We can not consider it when raised for the first time in this court.

We need not consider the additional record, showing, by a later order correcting the record, that the name of Roach was written in the record by mistake for that of Koehnke, and that the verdict was in fact returned by all twelve of the jurors empaneled.

The judgment is affirmed.