Charles Rohe, Jr., v. James Pease, Sheriff, etc.

89    657
r189s  207

1. REPLEVIN—*Writs of Retorno on Verdicts of Not Guilty.*—The application of the rule that a plaintiff in replevin is not entitled to a writ of *retorno habendo* depends very largely upon the facts in the case.

2. VERDICTS—*When Not Invalidated by Informalities.*—Where, in a civil case, it is apparent beyond doubt that it was the intention of the jury by the verdict rendered, to present a finding upon the issues before them, a reviewing court should not reverse a judgment simply because of an informality in form.

Replevin.—Appeal from the Superior Court of Cook County; the Hon. MARCUS KAVANAGH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1899. Affirmed. Opinion filed June 19, 1900.

E. C. WESTWOOD, attorney for appellant; W. T. UNDER-WOOD, of counsel.

PAM, CALHOUN & GLENNON, attorneys for appellee.

MR. PRESIDING JUSTICE HORTON delivered the opinion of the court.

This is an action of replevin brought by appellant against appellee to recover certain goods taken by appellee as sheriff, by virtue of an execution against Charles Rohe, Sr., father of appellant.

The declaration contained two counts, one in the *cepit* and the other in the *detinet.* To this appellee pleaded (1) *non cepit;* (2) *non detinet;* (3) property in Charles Rohe, Sr., and (4) justification under said execution. No question is made by appellant as to the sufficiency of the replications to put the cause fully at issue.

The verdict of the jury is "defendant not guilty." A motion for a new trial and a motion in arrest of judgment were filed and overruled. Thereupon, the court entered judgment against appellant for costs of suit and awarded execution therefor. Some days afterward, but at the same term of court, the record entry of said judgment was changed

by inserting therein an order for a writ of *retorno habendo* for the property replevied. Said change was made at the instance of the court and without notice to appellant or his attorney. Afterward appellant moved to amend the judgment order by striking out that portion thereof awarding a writ of *retorno habendo,* which motion was denied.

Objection is made by appellant that the verdict of not guilty did not authorize the awarding of the writ of *retorno habendo.* There is much force in this contention. But the application of the rule depends very largely upon the facts in the case.

In the case at bar there was no contention that appellee did not physically take and detain the property in question. That was practically admitted upon the trial. The only contested question of fact was whether said property belonged to appellant or to his father, Charles Rohe, Sr. The question presented specifically to the jury by the instructions was, to which of them did the property belong. Upon the evidence and under the instructions of the court, that must have been the only contested question considered by the jury. There was no other contested question of fact to be considered. The verdict is not proper in form under the issues presented by the pleadings, and the jury should have been sent back to present a verdict which would conform to such issues. But we are of opinion that upon the testimony before them, and under the instructions of the court, the jury could not have considered or passed upon any other contested question than that of whether Charles Rohe, Jr., or Charles Rohe, Sr., was the owner of said property. We are therefore of opinion that the informality in said verdict is not sufficient, under the facts and circumstances here apparent, to warrant a reversal of the judgment entered upon said verdict. Goldstein v. Smith, 85 Ill. App. 588.

The question for the jury is, was there a wrongful taking, not simply whether there was any taking. The latter was not questioned. The verdict being "not guilty" may and should, upon the record in this case, be construed as finding

that appellee was not guilty of a wrongful taking. Where, in a civil case, it is apparent, beyond any doubt, that it was the intention of a jury by the verdict rendered, to present a finding upon the issues before them, a reviewing court should not reverse a judgment simply because of an informality in the verdict.

The judgment of the Superior Court is affirmed. .