Decided 29 June, 1903.

## STATE *v.* HOWARD.

[72 Pac. 880.]

WITNESSES — IMPEACHMENT — EXPLANATORY EVIDENCE.

Where an affidavit concerning the falsity of his testimony in another trial is produced on his cross-examintion to impeach a witness, he may relate a conversation with a third person, who importuned him to make the affidavit, and state the contents of a threatening note which he had previously received, and which was referred to in the conversatiou, to explain the circumstances under which the impeaching affidavit was made.

From Baker: ROBERT EAKIN, Judge.

Manny Howard, jointly informed against with Alexander Meldrum, was convicted of larceny, and appeals.

AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Geo. J. Bentley.*

For the state there was a brief over the name of *Samuel White*, District Attorney, with an oral argument by *Mr. Andrew M. Crawford*, Attorney-General.

MR. JUSTICE BEAN delivered the opinion.

This is the second appeal in this case. Defendant Howard and one Meldrum were jointly charged by an information filed by the district attorney with the crime of larceny, by stealing an animal belonging to R. R. Palmer and H. E. Denham. Howard was tried first, and convicted, but upon appeal the judgment was reversed, and a new trial ordered: *State* v. *Howard*, 41 Or. 49 (69 Pac. 50). Meldrum was thereafter tried, convicted, and the judgment affirmed: *State* v. *Meldrum*, 41 Or. 380 (70 Pac. 526). Howard was retried, convicted, and again appeals.

The questions arising on the instructions, and relating to the sufficiency of the evidence to justify a conviction,

are practically the same as in the Meldrum Case. We have reëxamined them, and find no reason to change the conclusions therein reached.

J. J. Baisley was a witness for the prosecution. He testified that he was employed by Howard and Meldrum to assist in gathering horses from the range; that he was present when the mare in question was driven to the Deal corral, and saw her brand changed by Howard and Meldrum. He was a witness on the first trial of Howard, and testified to substantially the same state of facts. He thereafter made an affidavit to the effect that such testimony was false, and that he was induced to give it by a consideration paid him by one of the prosecuting witnesses. During his cross-examination in the present case this affidavit was produced by the defense, and offered and admitted in evidence, for the purpose of impeaching the witness. He was thereafter permitted, on direct examination, over the objection of the defendant, to relate a conversation he had with one Inman, in which Inman importuned and endeavored to persuade him to make the affidavit, and also to state the contents of a threatening note which he had previously received, and to which Inman referred in such conversation. The contention is that this conversation with Inman was hearsay and inadmissible, because not had in the presence of the defendant, and that the note was incompetent evidence, because it was not shown to have been written or authorized by the defendant. The testimony was admitted, however, for the purpose of explaining the circumstances under which the impeaching affidavit was made, and was expressly limited by the court in its instructions to such purpose. In this view, we think it was competent, and there was no error in its admission.

AFFIRMED.