·[No. 1843]

## JAMES WIGGINS, RESPONDENT, *v.* MARTIN PRADERE, APPELLANT.

1. APPEAL AND ERROR—REVIEW—CONFLICTING EVIDENCE.
    A judgment on conflicting evidence will not be set aside if supported by any substantial evidence.

APPEAL from the District Court of the First Judicial District of the State of Nevada, Lyon County; *F. P. Langan,* Judge.

Action by James Wiggins against Martin Pradere. There was a judgment for plaintiff, and, from an order denying a new trial, defendant appeals. **Affirmed.**

The facts sufficiently appear in the opinion.

*James T. Boyd* and *A. N. Salisbury,* for Appellant.

*Alfred Chartz,* for ·Respondent.

By the Court, TALBOT, J:

This action was brought to recover $500 damages claimed to have been caused by herding and grazing sheep upon plaintiff's lands, and for $50 damages alleged to have been caused by herding a donkey carrying a pack upon these lands and allowing him to enter plaintiff's corral and eat and trample upon a stack of wheat. The court rendered judgment for $300 on the first claim and for $20 on the second. From an order denying a motion for a new trial, the defendant has appealed, and on his behalf it is urged that the amount allowed is excessive and not supported by the evidence.

There is a strong conflict in the testimony. Witnesses stated that between 2,000 and 3,000 sheep were herded and grazed at different times on three 40-acre tracts of land belonging to the plaintiff, and he and his brother stated on the stand that the sheep had trampled upon and uprooted different kinds of grasses growing on the lands and had eaten the seeds, and by tramping had smoothed the sloping ground, and that they placed the damage caused by the sheep at $500. Another witness testified: That he had ranched for over twenty years and owned the adjoining place for nearly all that time; that he

was well acquainted with the plaintiff's ranch; that he had never herded or grazed sheep, but had for many years observed their depredations and the injuries they caused, and how they trampled the grass and pulled it up by the root and ate the seeds; that he knew of the sloping character of plaintiff's land; that he considered $300 would be a fair estimate of the damage caused by the sheep; that he had no interest in the result of the action; that his premises adjoining had never been trespassed upon; and that he had no business connections of any kind with the plaintiff. The judgment follows his estimate.

The testimony on the part of the defendant that there was no grass on plaintiff's land, and that no damage was done by herding the sheep thereon, and that plaintiff had previously leased the land and had agreed to lease during two months in the following spring for much less than the damages claimed by him or allowed by the court, contradicted plaintiff's testimony and tended to reduce the amount to be allowed; but this, and the fact that plaintiff leased several thousand acres at $300 rental per year, if admissible as evidence, could not estop plaintiff from proving that damage much larger relatively per acre than the lease charge he was paying had been occasioned, nor overthrow the judgment if it is supported by plaintiff's evidence. It would seem that the damages awarded were very liberal to the plaintiff, and if we could consider the evidence as a jury, or as the trial judge in passing upon a motion for a new trial upon the ground that the verdict or judgment is against the weight of the evidence, or as courts often do where the facts and conditions in damage cases are admitted, or are such that they will take judicial notice of them, we might conclude that the amount allowed is excessive; but there is such a disagreement of the witnesses as to whether there was any grass growing or destroyed upon the land, and regarding the damage committed, and the facts beyond our knowledge, that we feel, under the peculiar circumstances in this case, that we are precluded from setting aside, or making an order for the modification of the judgment, under the rule that it will not be set aside if it is supported by any substantial evidence. As said in *Tonopah L.*

*Co.* v. *Riley*, 30 Nev. 322: "This court has repeatedly held that, where there is a substantial conflict in the evidence, it will not disturb the verdict of the jury or decision of the court."

The order of the district court is affirmed.